■Mr. Justice Olin
delivered the opinion of the court:
This is a motion for a new trial on a bill of exceptions.
The case is one brought by the plaintiff for damages occasioned by being put off by the conductor of a railroad car, by.which he claims to have been injured and claims damages *508 to the amount of 810,000. A verdict was rendered by the jury for the sum of $1,000. Upon the rendition of this verdict a motion for a new trial was made by the attorney for the defendant upon the grounds, first, that the verdict was contrary to the instructions of the court; second, said verdict was contrary to the evidence; third, said verdict was unreasonable; fourth, the evidence submitted to the jury was insufficient to sustain said verdict; fifth, the damages assessed by the jury are excessive. This motion for a new trial, doubtless made upon the judge’s minutes,seems to have been overruled, and the case comes here on a bill of exceptions. We see no error in the ruling of the justice who presided at the trial. The bill of exceptions in this case only brings in question those rulings. There is manifestly no error in those. The questions whether the verdict was contrary to the evidence, or, secondly, whether the damages were excessive, are not questions that can be considered on this bill of exceptions. To enable us to do that, a case should have been made bringing before us all the evidence taken on the trial, to enable this court to judge whether, under all the circumstances of the case, the verdict was against the weight of evidence, or whether, secondly, the damages were excessive. We are precluded on a bill of exceptions to inquire into either of those questions. It seems to have been a somewhat extraordinary verdict if, as claimed on the part of the defendant, a drunken man, vomiting in the ■car, is put off by a conductor and has his thumb sprained, should be entitled to a verdict of $1,000 against the company. But the bill of exceptions in this case does not authorize us to consider those questions.
The judgment must therefore be affirmed.